IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD JERMAINE JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1225-SMY |
| | ) |
| T. LILLARD, | ) |
| | ) |
| Respondent. | ) |

# ORDER

**YANDLE, District Judge:**

Petitioner Ronald Jermaine Jackson, currently incarcerated at the FCI Greenville, filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction and sentence (Doc. 1).

Following a bench trial, Jackson was convicted of Hobbs Act robbery, 18 U.S.C. §§ 2 ad 1951, and brandishing a firearm during a crime of violence, 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). *See United States v. Jackson*, No. 19-cr-185 (SRN/KMM), Doc. 258. He was sentenced to 84 months in prison; his conviction and sentence were affirmed on appeal. *United States v. Jackson*, No. 21-2451, 2022 WL 6861556, at *1 (8th Cir. Oct. 12, 2022). Jackson then filed a habeas petition pursuant to 28 U.S.C. § 2255, which was denied in October 2023. *United States v. Jackson*, No. 19-CR-185 (SRN/KMM), 2023 WL 7017780, at *1 (D. Minn. Oct. 25, 2023).

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

authorizes district courts to apply the Rules to other habeas corpus cases. After reviewing the Petition, the undersigned concludes that this case is subject to dismissal.

Jackson argues the district court did not have authority to convict and/or sentence him, and contends that aiding and abetting robbery is not a crime of violence. Petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Consequently, aside from the direct appeal process, a prisoner who has been convicted in federal court is limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Jones v. Hendrix,* 143 S.Ct. 1857, 1868-69 (2023) (*abrogating In re Davenport*, 147 F.3d 605 (7th Cir. 1998). In other words, he may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones,* 143 S.Ct. at 1868.

Accordingly, Jackson's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) and motion for hearing (Doc. 7) and motion for bail (Doc. 8) are **DENIED**, and this case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

    IT IS SO ORDERED.

    DATED:  June 4, 2024

    **STACI M. YANDLE**
    **United States District Judge**